## THE PEOPLE v. JEROME.

It is not libelous to write and publish of and concerning one who is a druggist, "The above druggist in the city of Detroit refusing to contribute his mite with his fellow merchants for watering Jefferson Avenue, I have concluded to water said Avenue in front of Pierre Teller's store, for the week ending June 27th, 1846."

CASE reserved from Wayne District Court.

*J. M. Howard*, for defendant.

*By the court*, WING, J. An indictment was presented to the district court for the county of Wayne, at the December term of the court in the year 1846, against defendant, Edwin Jerome, for an alleged libel on Pierre Teller, to which a general demurrer was filed. Upon the argument of the demurrer, the following questions were made, viz:

1. Is the published matter set forth in said indictment libelous?
2. Is the same set forth in said indictment with legal certainty?

The presiding judge of the district court deeming these questions of sufficient importance to have the same submitted to this court for its opinion thereon, did accordingly certify the same to this court.

The charge made against Pierre Teller in the supposed libel, is, that he "the above druggist in the city of Detroit refusing to contribute his mite with his fellow merchants for watering Jefferson Avenue, I have concluded to water said avenue in front of Pierre Teller's store, for the week ending June 27th, 1846." This embraces all that is said of Mr. Teller personally.

The general rule, that a libel upon an individual is " a malicious defamation, expressed either in printing or writing, and tending to blacken the memory of one that is dead, or the reputation of one that is alive, and expose him to public hatred, contempt or ridicule," is plain and easily understood; but its application, in the most of the cases which have been presented to the courts, has been found to be difficult. There are many cases in which the rule does not furnish a sure guide; and this, to my apprehension, is one of them.

Only the latter part of the rule can be supposed to have any bearing

upon this case. Does the publication tend to expose Mr. Pierre Teller to public hatred, contempt or ridicule?

It is said that where there is no imputation upon the moral character, no words of ridicule or contempt, and nothing which can affect the party's reputation in life, it is no libel. An illustration of this rule is found in Robinson *v.* Jermyn, 1 Price 11. The defendant published of and concerning the Reverend John Robinson, as follows: "The Reverend John Robinson and his brother, James Robinson, inhabitants of this town, not being persons that the proprietors and annual subscribers think it proper to associate with, they are excluded this room." The libel was published in the Cassino Room, by posting it on a paper. It was held that the paper and the mode of promulgating it, did not amount to a libel: 1. Because it did not, by any necessary or probable implication, affect the moral fame of the party. 2. That it was the regulation of a subscription assembly, and the paper might import no more than that the party was not a social and agreeable character in the intercourse of common life. 3. That the words charged him with nothing definite, threw no blame on his reputation, and implied no unfitness for general society. The same reasons will apply to this case. The statement does not assert or imply that Teller was under a legal, moral, or even honorary obligation to contribute his mite with his fellow merchants, to water Jefferson Avenue. All that can be inferred from the statement is, that the merchants on the avenue had united, or had proposed to unite, in watering the avenue, and that Teller had refused to unite with them. The proposition, for ought that appears, was a new one—there was no obligation resting upon Teller to join in the furtherance of this project. It was addressed to his discretion—it was not a work of necessity; and if a matter of taste or general convenience, all the inhabitants of the city were alike interested in it. The position of Teller did not make it any more incumbent on him to assist in this measure, than it was upon any other citizen who might desire to walk or ride on the avenue, free from the annoyance of dust. If, then, there was any motive which could prompt to such liberality on the part of merchants, and which was peculiar to them, it was their personal interest, in being able to expose their goods upon the side walk without their being soiled by dust: they, in an especial manner, reaped the advantages to be derived from watering the street. Those of them who preserved

their goods unsoiled would present greater attractions to purchasers than those who allowed them to be covered with dust.   How was Mr. Teller to participate in this peculiar benefit, since drugs and soda water are not usually exposed to the open air?   He would derive no greater benefit from the wetting of the street, than any other citizen doing business or residing upon the street.   The merchants, guided by their views of their peculiar interest, did what they thought would promote it.   If the dust was kept down, their goods would be preserved in good order; whereas, if the dust was permitted to rise and float in the atmosphere, and be drawn into the throats of the good people passing to and fro upon the street, it would be likely greatly to promote the sale of Mr. Teller's soda water.   He refused to contribute his mite: and if this was not commendable, at the least, it is obvious it was his right to do so; and I cannot see how the charge has any tendency to *expose him to public hatred, contempt or ridicule;* and surely it does not fall within any other branch of the rule I have stated.

The defendant, having stated what Mr. Teller refused to do, proceeds to state what he has been advised to do, and what he will do, and that he will receive his pay according to the proposition of sundry persons. He does not again allude to Mr. Teller; his expectations are from the public.   All that is said in the publication, besides the statement in relation to Mr. Teller's refusal to contribute his mite, &c., relates to the defendant himself—it does not bear upon Mr. Teller.

In this country, and particulary in this western country, great latitude has been allowed to individuals in speaking and writing " of and concerning " private and public characters; and though it is not pretended that by this habit a new rule has been established, or the effect of the old rule has been destroyed, yet it may be doubted if it has not been much weakened.   There are many scurilous epithets, which scholars and gentlemen seldom, if ever, use, but which it is the province and habit of the vulgar to apply, as well to the good as to the bad—not doubting that in this land, where the largest liberty of speech is guarantied to all by the constitution, where our laws and the conventional rules of society are moulded and changed by the influence of public opinion, spoken or written, that ridicule is as innocent, if not as powerful, a mode of conveying to the mind public sentiment or opinion, as any other.   It is not to be doubted that it is allowable, by speaking, writing or print-

ing, to ridicule to some extent the acts and opinions of public men, and also private individuals, when their acts are connected with public measures. The great difficulty consists in defining the boundary between what may, and what may not, be said or written, without subjecting the person so speaking or writing to a public prosecution.

In this case, there is no moral delinquency charged upon Teller; nor can I see that what is said of him implies any unfitness for general society, or that it tends to expose him to public hatred, contempt or ridicule, particularly in the first part of the publication. And if there is in any part of it any thing tending to expose any one to public hatred, contempt or ridicule, the defendant, and those persons who proposed to pay him by penny contributions, and those who so contributed, had it all to themselves.

The matter is not set forth with legal certainty in the indictment.

There is no prefatory averment that Pierre Teller is a merchant, a druggist, a keeper of a soda fount, or is engaged in any particular business of and concerning which the statements were made.

We are therefore of the opinion, that the matter set forth in the indictment is not libelous; and if it is, it is not set forth with legal certainty in the indictment; but looking upon the statement as not libelous, we do not think it necessary to examine the structure of the indictment with much particularity.

*Certified accordingly.*